UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARVIN McKINNEY, Individually and as Trustee
of the PRODUCTION WORKS WELFARE FUND,

                          Plaintiff,

   -against-                                  **COMPLAINT**

KATHLEEN JOSEPH,
                          Defendant.
------------------------------------------------------------------ X

## PRELIMINARY STATEMENT

     1.    This is an action for declaratory, injunctive and equitable relief arising under the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1001, *et seq.*

## JURISDICITION

     2.    This court has jurisdiction pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1); 28 U.S.C. §§ 1331 and 1367.

     3.    Venue is proper pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), inasmuch as this action involves a multi-employer health fund and is administered within this judicial district.

## PARTIES

     4.    At all times relevant herein, Plaintiff, MARVIN McKINNEY, was and is a resident of the State of New York.

     5.    At all times relevant herein, Plaintiff, MARVIN McKINNEY, is President of Local 400 Production Workers Union, Trustee of the Production Workers Welfare Fund

(hereinafter "Welfare Fund") and a participant of the Welfare Fund within the meaning of ERISA § 3(7), 29 U.S.C. §1002(7).

6.   Defendant, KATHLEEN JOSEPH, is the former Administrator of the Welfare Fund, the individual Administrator responsible for carrying out and executing the duties owed to the Welfare Fund, and a fiduciary of the Fund within the meaning of ERISA § 3(21)(A), 29 U.S.C. §1002(21)(A).

7.   Defendant, KATHLEEN JOSEPH, is a former Trustee of the Welfare Fund and a fiduciary of the Fund within the meaning of ERISA § 3(21)(A), 29 U.S.C. §1002(21)(A).

## FACTUAL BACKGROUND

8. The Welfare Fund is an ERISA plan, with offices formerly located at 1435 Broadway, New York, New York.

9. The Welfare Fund is maintained through collective bargaining agreements between Local 400 Production Workers Union and various employers.  The collective bargaining agreements provide that employers contribute to the Welfare Fund on behalf of each covered employee on the basis of a fixed percentage of the weekly salary earned by each covered employee, in accordance with the terms of the applicable bargaining agreement.

10. Income received by the Welfare Fund from contributing employers is held by the Welfare Fund in order to provide benefits to covered employees and pay for reasonable administrative expenses.

11. The Welfare Fund is administered by a Fund Administrator appointed by the Board of Trustees.

12. Upon information and belief, the former Administrator of the Fund, John Gannone, was a member of organized crime and was appointed by a Board of Trustees which included William "Wild Bill" Cutolo and Kathleen Joseph.

13. Upon information and belief, "Wild Bill" Cutolo, was a member of the Colombo Crime Family and was indicted for conspiracy to murder.

14. In or about July 2002, Plaintiff McKinney filed a complaint with the United States Department of Labor regarding the illegal activities of then Union President John Gannone and Frank Persico.

15. Frank Persico was one of twenty-three defendants named in a twenty-six count federal indictment charging defendants with conducting the affairs of an enterprise through racketeering activity and conspiracy in violation of RICO.

16. The RICO count was based on a scheme to defraud investors in publicly traded securities. Members of the scheme were to pay undisclosed kickbacks to union officials to induce them to recommend to their unions that pension fund benefits be invested with a corrupt investment advisor.  Persico was identified as one of the officials who was to receive bribes pursuant to the scheme.

17. On June 6, 2003, in response to complaints of mismanagement and financial misconduct, the United States Department of Labor conducted a special election under the supervision of the Secretary of Labor to elect new officers for Local 400.

18. The election resulted in the unseating of John Gannone as President of the Union and in the election of Plaintiff Marvin McKinney as President of Local 400.

19. Plaintiff Marvin McKinney upon information and belief was appointed "acting" and sole Trustee of the Welfare Fund at a meeting of the Board of Trustees held on or about December 9, 2003.

20. On or about June 21, 2004, the Executive Board of the Local 400 Production Workers Union voted to dismiss Defendant Kathleen Joseph as the Administrator of the Welfare Fund.

21. Despite her dismissal by the Executive Board, Defendant Joseph continues to hold herself out as Administrator of the Welfare Fund.

22. At all times material herein, Defendant Joseph is a fiduciary with within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A).

23. At all times relevant, Defendant exercised discretion control or authority over the management and or disposition of Welfare Fund assets.

24. At all times relevant, Defendant had discretionary authority or responsibility over the administration of the Welfare Fund.

25. Defendant has failed to administer the Welfare Fund for the exclusive purpose of providing benefits to participants and beneficiaries in breach of her fiduciary duty.

26. Defendant has failed and/or refused to act in accordance with the provisions of the Welfare Fund Trust.

27. Defendant has failed and/or refused to amend the Trust to insure it complies with the requirements of ERISA.

28. Defendant has failed and/or refused to amend the Summary Plan Description ("SPD") to insure it complies with the requirements of ERISA.

4

29. Defendant has received improper compensation from the Plan in violation of ERISA.

30. Defendant has used Welfare Fund assets other than for the exclusive purpose of providing benefits to participants and beneficiaries in breach of her fiduciary duty and in violation of ERISA.

31. Defendant has failed to defray reasonable expenses of administering and operating the Welfare Fund.

32. Defendant has caused the Welfare Fund to pay unreasonable, excessive and/or improper expenses and has failed to properly account for expenses in violation of ERISA.

33. Defendant has failed and/or refused to provide an adequate and accurate accounting of the Welfare Fund to the Trustee(s).

34. Defendant Joseph acquired possession of the property of the Welfare Fund; to wit, monies to be used to provide benefits to covered employees of the Welfare Fund and to pay for administrative services.

35. Defendant has failed and/or refused to use said monies for the exclusive purpose of providing benefits to covered employees of the Welfare Fund and to pay for administrative services.

36. Defendants' use of Plan funds other than for the exclusive purpose of providing benefits to participants and beneficiaries is a breach of the fiduciary duty which Defendants owed to the Welfare Fund and its participants and a violation of ERISA § 404, 29 U.S.C. § 1104.

37. Defendant has failed to make necessary, required and accurate disclosure, thereby violating ERISA's reporting and disclosure requirements.

38. Defendant has failed to make timely reports to the Board of Trustees of the Welfare Fund.

39. As a direct and proximate result of the actions of the Defendant, the Welfare Fund and its participants have suffered and continue to suffer damages in an amount to be determined at trial but not less than $1,000,000.00.

40. Since the commencement of his employment as Union President, Plaintiff was entitled to receive all the benefits afforded under the Local 400 Welfare Plan.

41. Beginning in or about July, 2004, Defendant Joseph, acting as Plan Administrator, cancelled and/or suspended Plaintiff's health insurance coverage and other benefits to which Plaintiff was entitled under the Local 400 Welfare Plan.

42. Defendant failed to notify Plaintiff of his rights to continue coverage under COBRA.

43. Defendant's cancellation of Plaintiff's health insurance coverage was arbitrary, capricious and unlawful.

44. Upon information and belief, Defendant cancelled Plaintiff's health insurance coverage in retaliation for his complaints regarding the operation of the Welfare Fund.

45. Although Plaintiff requested Defendant to furnish him with information regarding his entitlement to benefits, Defendant has failed to furnish such information.

46. Defendant's actions have prevented Plaintiff from obtaining necessary medical treatment and care for Plaintiff and his beneficiaries.

47. As a proximate result of Defendant's conduct, Plaintiff has incurred significant expenses for medical treatment and care rendered to Plaintiff and his beneficiaries.

**FIRST CLAIM FOR RELIEF**
(ERISA – Fiduciary Breach)

48. Plaintiff repeats and realleges each and every allegation of this Complaint as though fully set forth at length herein.

49. Defendant has, at all times material herein, been a fiduciary within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A).

50. Defendant's actions and omissions constitute a breach of the fiduciary duty which Defendant owed to the Welfare Fund and its participants.

51. Defendant's failure and/or refusal to provide an adequate and accurate accounting concerning the Welfare Fund is arbitrary, capricious, unreasonable, negligent and a breach of the fiduciary duty which Defendant owes to the Welfare Fund and its participants.

52. Defendant's use of Plan funds other than for the exclusive purpose of providing benefits to participants and beneficiaries is a breach of the fiduciary duty which Defendant owed to the Welfare Fund and its participants and a violation of ERISA § 404, 29 U.S.C. § 1104.

53. As a direct and proximate result of the actions and omissions of the Defendant, the Welfare Fund and its participants have suffered and continue to suffer damages in an amount to be determined at trial but not less than $1,000,000.00.

54.     Pursuant to ERISA § 502(a)(2), 29 U.S.C.A. § 1132(a)(2) and ERISA '409(a), 29 U.S.C.A. '1109 (a), Defendant should, among other things, restore such losses to the Welfare Fund caused by the Defendant's breach of her fiduciary duties.

## SECOND CLAIM FOR RELIEF
(ERISA - Reporting and Disclosure)

55.     Plaintiff repeats and realleges each and every allegation contained in this Complaint as though fully set forth at length herein.

56.     By the acts described herein, Defendant failed to make necessary, required and accurate disclosure, thereby violating ERISA's reporting and disclosure requirements.

57.     As a result of Defendant's failure to provide necessary, required and accurate disclosure, Plaintiff is entitled to an award of $100.00 per day pursuant to ERISA Section 502(c), 29 U.S.C. § 1132(c).

58.     The Welfare Fund and its participants have reasonably relied to their detriment upon the information provided by Defendant and thereby suffered and continue to suffer injury in an amount to be determined at trial but not less than $1,000,000.00.

## THIRD CLAIM FOR RELIEF

59.     Plaintiff repeats and realleges each and every allegation contained in this Complaint as though fully set forth at length herein.

60.     Since the commencement of his employment as Union President, Plaintiff was entitled to receive all the benefits afforded under the Local 400 Welfare Plan.

61. Beginning in or about July, 2004, Defendant Joseph, acting as Plan Administrator, cancelled and/or suspended Plaintiff's health insurance coverage and other benefits to which Plaintiff was entitled under the Local 400 Welfare Plan.

62. Plaintiff is entitled to recover benefits due to him under the terms of the plan, an Order enforcing Plaintiff's rights under the terms of the plan, and an Order clarifying his rights under the plan pursuant to 29 U.S.C. § 1132a(1)(B).

63. Plaintiff is entitled to an Order enjoining Defendant's unlawful acts and is entitled to obtain appropriate equitable relief pursuant to 29 U.S.C. §1132a(3).

## FOURTH CLAIM FOR RELIEF

### (Failure and/or Refusal to Furnish Information)

64. Plaintiff repeats and realleges each and every allegation contained in this Complaint as though fully set forth at length herein.

65. Defendant Joseph, acting as Administrator of the Production Workers Welfare Fund, has failed and/or refused to comply with Plaintiff's requests for information regarding his entitlement to benefits under the plan.

66. Pursuant to 29 U.SC. §1132c(1), Defendant Joseph is personally liable to Plaintiff and his beneficiaries in the amount of $100.00 per day from the date of such failure and/or refusal to furnish information.

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

a. An Order removing and permanently enjoining Defendant from serving as Administrator and/or Fiduciary of the Welfare Fund;

b.	An Order precluding Defendant from making any payments from the Welfare Fund to herself or other parties in interest;

c.	Awarding full legal and equitable relief under ERISA, including an accounting and restitution of monies unlawfully converted and/or misappropriated;

d.	Awarding Plaintiff monetary damages together with pre- and post-judgment interest;

e.	Awarding Plaintiff recovery of benefits due to him under the terms of the plan;

f.	An Order enforcing Plaintiff's rights under the terms of the plan;

g.	An Order clarifying Plaintiff's rights to future benefits under the terms of the plan;

h.	Awarding Plaintiff $100.00 per day for Administrator Joseph's failure and/or refusal to furnish information;

h.	Awarding Plaintiff attorneys' fees and all other reasonable costs incurred; and

f.	Granting Plaintiffs such other and further relief as the court may deem just and proper.

Dated: Farmingdale, New York
May 20, 2005                                        Respectfully Submitted,


_____
Neil M. Frank (NF 0521)
FRANK & ASSOCIATES, P.C.
Attorneys for Plaintiff
500 Bi-County Blvd., Suite 112N
Farmingdale, New York 11735
(631) 756-0400

10